IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEROME MERAZ                                                                                                PLAINTIFF

v.                                       Civil No. 5:24-cv-05255-TLB-CDC

OFFICER JOSH LILES, Fayetteville Police
Department (FPD); and
OFFICER HALEY SERATT, FPD                                                              DEFENDANTS

**OPINION AND ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently before the Court are the Motion for Judgment on the Pleadings (ECF No. 39) and Brief in Support (ECF No. 40) filed by Defendants Officer Josh Liles and Officer Haley Seratt of the Fayetteville Police Department ("FPD"), as well as Plaintiff Jerome Meraz's Response in Opposition (ECF No. 45) and Supplements thereto (ECF Nos. 51, 60).  For the reasons given below, Defendants' Motion will be **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 6) will be **DISMISSED WITHOUT PREJUDICE**.

**I.  BACKGROUND**

Plaintiff proceeds *pro se* and *in forma pauperis*.  Plaintiff's Amended Complaint asserted a variety of claims against a variety of defendants, most of which were dismissed during preservice screening under 28 U.S.C. § 1915A.  *See* ECF Nos. 7, 13.  However, the Court allowed Plaintiff to proceed on his individual-capacity claims against Defendants Liles and Seratt regarding his arrest on August 13, 2022.  *See* ECF Nos. 7, 13.  Both Defendants were served with the Amended Complaint, *see* ECF No. 12, to which they filed an Answer (ECF No. 15).  Plaintiff was subsequently permitted, *see* ECF No. 23, to file a Supplement (ECF No. 24) to his Amended Complaint, which Defendants also answered (ECF No. 25).

1

Plaintiff's Amended Complaint alleges that on August 13, 2022, he was arrested for having violated a no-contact order by pulling into an apartment complex earlier that day where Rayna Mello had lived, though Plaintiff contends Ms. Mello no longer lived there at the time of his arrest. Plaintiff also claims that Defendants charged him with carrying a deadly weapon in violation of his parole conditions, but that the weapon in question was a knife that he maintains he was permitted to carry as a tool notwithstanding his status as a parolee. *See generally* ECF No. 6, pp. 6–10. Plaintiff alleges that the new criminal charges triggered a parole revocation resulting in his current incarceration in the Arkansas Division of Correction. *Id.* at 8–9. The Supplement to Plaintiff's Amended Complaint describes his claims against Defendants as being for arresting him without probable cause, false arrest, false imprisonment, kidnapping, malicious prosecution, and dereliction of duty. *See* ECF No. 24, p. 1. Soon after filing their responsive pleadings, Defendants used this Court's subpoena power to obtain Plaintiff's parole revocation records. *See* ECF Nos. 26–28, 30. They then filed a Motion for Judgment on the Pleadings, based on Plaintiff's parole revocation records and the allegations in Plaintiff's Amended Complaint. *See* ECF No. 39.

Those public records show that on August 17, 2022—four days after his arrest—Plaintiff signed a Revocation Hearing Waiver, in which he admitted "that I have violated the following condition(s) of my release: . . . #3 Residence & Travel . . . [and] #4 Laws," with reference to "Count 1" of the charging instrument. In that same form, Plaintiff also admitted that "I have no excuse for violating the condition(s) of release as alleged," and that "I believe that the violation(s) I have admitted is/are serious enough to justify the revocation of my release." *See* ECF No. 39-2, p. 1. He further acknowledged on this form that "I understand that, upon my signing this waiver, <u>my release will be revoked</u> and I will be placed in the custody of . . . the Arkansas Division of Correction." *Id.* (emphasis in original). Count 1 of the charging instrument which Plaintiff's

2

Revocation Hearing Waiver acknowledged having violated charged Plaintiff with having committed the crime of Stalking in the First Degree, a class B felony, by having knowingly "engaged in a course of conduct that caused the victim emotional distress and fear for her safety as well as her child's safety, and did so in violation of a court ordered Order of Protection," and having done so "on or between August 9, 2022 and August 13, 2022, in Washington County, Arkansas." *See State of Arkansas v. Jerome Michael Meraz*, Case No. 72CR-22-2105, Felony Information (Washington Cty. Cir. Ct. Sept. 7, 2022); *see also* ECF No. 30, p. 10 (parole board hearing records noting that Plaintiff's parole "was revoked in Aug 2022 for pending Stalking 1st charges"). Eventually, more than two years after his arrest, the Felony Information charging Plaintiff with Stalking in the First Degree was voluntarily dismissed by the prosecutor "due to lack of victim contact." *See State of Arkansas v. Jerome Michael Meraz*, Case No. 72CR-22-2105, *Nolle Prosequi* Order (Washington Cty. Cir. Ct. Nov. 13, 2022). However, Plaintiff remains incarcerated today as a result of his parole revocation.

Defendants' Motion has been fully briefed by both sides. It is now ripe for decision.

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is governed by the same legal standard which applies to motions to dismiss for failure to state a claim under Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).  Although ordinarily a motion to dismiss should be decided from the face of the pleadings, the Court can also take notice of public records such as Plaintiff's parole revocation records without converting the motion to one for summary judgment, *see, e.g.*, *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003), particularly when, as here, the parties do not dispute those records' validity but rather only their legal significance, *see Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986).

### III.  ANALYSIS

Defendants contend that Plaintiff's claims against them are *Heck*-barred.  The Court agrees.  *Heck v. Humphrey* was a seminal case in which the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486–87 (1994).  Critically, the Eighth Circuit has applied *Heck* to bar claims that would imply the invalidity of a parole revocation.  *See Newmy v. Johnson*, 758 F.3d 1008, 1011–12 (8th Cir. 2014).

Here, although it is true that the felony stalking charge against Plaintiff was eventually dismissed, there is no indication in the pleadings or elsewhere in the record that the revocation of Plaintiff's parole has been reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus.  And there is no dispute that this revocation resulted from Plaintiff's admission of having committed the violation in question and of having agreed to revocation and

incarceration. The law is well-settled that "a guilty plea forecloses a section 1983 claim for arrest without probable cause," *Williams v. Schario*, 93 F.3d 527, 528–29 (8th Cir. 1996), and a judgment in Plaintiff's favor on his claims for damages arising from the resulting incarceration would necessarily imply the invalidity of his parole revocation, *see id.* at 529. Therefore, Plaintiff's claims "are not cognizable and must be dismissed unless and until [he] shows his [revocation] or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (internal quotation marks omitted).

### IV.  CONCLUSION

For these reasons, Defendants Officer Josh Liles's and Officer Haley Seratt's Motion for Judgment on the Pleadings (ECF No. 39) is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is **DIRECTED** to place a § 1915(g) strike flag on the case for future judicial consideration. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**DATED** this **29th day of September 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE